IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE MEGGISON

v.

UNITED STATES OF AMERICA

CIVIL NO. CCB-07-621
CRIMINAL NO. CCB-02-0332

oOo

## MEMORANDUM

Lawrence Elie Meggison, a federal prison inmate, was convicted by a jury of possession of 100 grams or more of heroin with the intent to distribute and, on February 27, 2004, was sentenced to 210 months incarceration as a career offender. His conviction was affirmed by the Fourth Circuit. 2005 WL 2500529. He has filed a motion to vacate under 28 U.S.C. § 2255, and an "amendment" to that motion, claiming his counsel provided ineffective assistance for several reasons, which are addressed below.

To succeed on a claim of ineffective assistance of counsel, Meggison must demonstrate both deficient performance and prejudice, see Strickland v. Washington, 466 U.S. 668, 687 (1984); U.S. v. Terry, 366 F.3d 312, 314 (4th Cir. 2004). He fails to do so.

First, counsel was not ineffective in connection with Meggison's sentencing as a career offender under the guidelines, USSG § 4B1.1. As the Fourth Circuit concluded, agreeing with this court and the presentence report, Meggison has sufficient qualifying prior felony convictions to be sentenced as a career offender. 2005 WL 2500529 at *2. Further, the offense level was correctly set at 32 under U.S.S.G. § 4B1.1(b), given the maximum statutory sentence of 20 years under 21 U.S.C. § 841(b)(1)(C). Accordingly, counsel cannot be found ineffective for having failed to persuade the court that a lower guideline applied.

1

Meggison also asserts counsel was ineffective because the jury found the quantity of heroin involved was less than the 100 grams charged in the indictment, yet he was still convicted. The specific quantity of drugs involved, however, so long as there was possession of some detectable amount with intent to distribute, is not an element of the crime. *See U.S. v. General*, 278 F.3d 389, 393 (4th Cir. 2002). Counsel was not ineffective for failing to challenge the conviction on this basis, nor for failing to request a "lesser-included offense" instruction, as there was no evidence to support a finding that the multiple packets (over 1,500) of heroin were for Meggison's personal use. *See U.S. v. Wright*, 131 F.3d 1111, 1112-13, (4th Cir. 1997).

Finally, the issue of delay under the Speedy Trial Act, *see* 18 U.S.C. § 3161(h), was in fact addressed by the court, and there was no violation shown, as the times involved were excludable under the Act. Counsel was not deficient in presenting this issue.

Accordingly, the Motion will be denied by separate Order.

February 5, 2009
Date

/s/ CCB
Catherine C. Blake
United States District Judge